IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ALBERT EDMOND**                                                                                 **PETITIONER**

**versus**                                                  **Civil Action No.: 4:11CV75-SA-SAA**

**MARGARET BINGHAM, et al.**                                              **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the pro se petition of Albert Edmond, Mississippi prisoner # 30523, for a writ of habeas corpus under 28 U.S.C. § 2254. Respondents have moved to dismiss the petition as untimely and as failing to state a claim upon which relief can be granted. Petitioner has had an opportunity to respond, and the Court finds the matter ripe for resolution. For the reasons set forth below, the petition for a writ of habeas corpus will be dismissed.

Petitioner was convicted of rape in 1974 and sentenced to serve life in the custody of the Mississippi Department of Corrections. *Edmond v. State*, 312 So.2d 702 (Miss. 1975) (Cause No. 48509). He was released on conditional parole on June 16, 1982, but his parole was revoked in August 1982. *See Edmond v. Miller*, 942 So.2d 203, 204 (Miss. App. 2006), *reh'g denied*, August 1, 2006, *cert. denied*, November 16, 2006 (Cause No. 2005-CP-549-COA). Petitioner filed a petition for habeas relief in the Circuit Court of Greene County, arguing that his parole was unlawfully revoked. He was denied relief, but the Mississippi Supreme Court reversed the trial court on appeal and remanded the matter for an evidentiary hearing. After venue was transferred to Sunflower County, the trial court denied relief and dismissed the case with prejudice by order dated July12, 2001. Petitioner filed a petition for writ of mandamus in the

circuit court in January 2006, asserting that he first learned of the July 12, 2001, order dismissing his case sometime between December 1, 2005, and January 4, 2006.[1] Petitioner filed a motion for an out-of-time appeal on August 29, 2006, and it was denied on May 4, 2007, as barred by the 180-day time limit set out in the Mississippi Rules of Appellate Procedure.[2] On July 31, 2008, the Mississippi Supreme Court affirmed the judgment and determined that Petitioner was not entitled to an out of time appeal. *Edmond v. State*, 991 So.2d 588 (Miss. 2008), *reh'g denied*, April 23, 2009.[3] The United States Supreme Court denied certiorari on October 5, 2009.[4]

Petitioner has previously sought federal habeas relief asserting claims relating to the revocation of his parole and the denial of an evidentiary hearing, and the Court does not construe the instant petition as raising those claims.[5] Rather, Petitioner's sole ground in this action is "[w]hether the appellate court was mandated to grant an out of time appeal."[6] Petitioner argues that court clerks failed to notify him that judgment had been entered against him, and that he failed to file a timely notice of appeal as a result. He maintains that he is entitled to have the federal limitations period equitably tolled, as he sought redress as soon as he received the Mississippi Supreme Court's December 5, 2005, Order noting the July 12, 2001, ruling. He

---

[1] *Edmond v. State*, 991 So.2d 588, 589 & n.1 (Miss. 2008).

[2] ECF No. 7-6.

[3] ECF No. 7-8.

[4] ECF No. 7-9.

[5] *See, e.g.*, ECF No. 7-3.

[6] ECF No. 1, p.5.

notes that his original habeas action was filed on March 17, 2010, transferred by this Court to the Fifth Circuit, and the Fifth Circuit issued its order allowing Petitioner to file the instant claim in this Court on July 6, 2010. Petitioner maintains that he mistakenly believed that the State would have to answer the prior petition, and it was only after learning from the Court clerk that he would have to refile his claim that he realized his mistake. He argues that his failure to file the instant petition until June 6, 2011, was based on a misapprehension of the law and rules of Court, which constitutes a rare and exceptional circumstance entitling him to equitable tolling.

At the outset, the Court notes that the instant challenge does not involve a claim that Petitioner is "in custody pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Petitioner's claim that he was entitled to an out-of-time appeal involves a challenge to the State court's application of their own rules, and this Court lacks the authority to grant habeas relief based on an error in a proceeding collateral to Petitioner's detention "and not the detention itself." *Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004). Therefore, the instant action must be dismissed for failure to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6); *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984) (holding that to maintain federal habeas action, petitioner must allege the deprivation of some right guaranteed by the Constitution or laws of the United States).

The Court also finds that the instant petition is untimely filed. The resolution of whether the petition is timely is based on 28 U.S.C. § 2244(d), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

The statute requires that the federal habeas petition be filed within one year of the date that the judgment of conviction becomes final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in State court. *See* 28 U.S.C. § 2244(d)(2). Assuming that Petitioner did not learn of the factual predicate of his claim until January 4, 2006, Petitioner had until January 4, 2007 to seek federal review of his judgment or file an application for post-conviction relief in order to toll the limitations period. *See* 28 U.S.C. § 2244(d)(1)(D). Because Petitioner was pursuing collateral relief relating to his out-of-time appeal from August 28, 2006 through October 5, 2009, the limitations period is statutorily tolled for an additional

4

1,134 days. Therefore, the instant petition should have been filed by February 11, 2010.[7] Under the "mailbox rule," the petition in this case was deemed filed on the date that Petitioner delivered the petition to prison officials for mailing. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Even assuming that the instant petition was "filed" on June 6, 2011, the date it was signed, it was signed well beyond the federal habeas deadline.

The federal limitations period may be equitably tolled if Petitioner can demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (citations omitted). It is available only in "rare and exceptional circumstances." *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (citation omitted). Petitioner's misapprehension about the need to refile his habeas petition does not constitute a "rare and exceptional circumstance" that would justify equitable tolling in this case. *See Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (ignorance of law or limited access to outside information does not constitute "rare and exceptional" circumstance to excuse untimely filing); *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000) (holding that "mere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling").

Therefore, the Court **GRANTS** Respondent's "Motion to Dismiss" and **DISMISSES** with prejudice the petition filed in this cause. A final judgment in accordance with this

---

[7] Respondents submit that Petitioner is not entitled to tolling while his petition for rehearing was pending, because it was procedurally improper. A petition for writ of certiorari to the Supreme Court following the State's denial of post-conviction relief does not toll the limitations period. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). However, given the unusual procedural history of this case, the Court gives Petitioner the benefit of any doubt and considers the limitations period tolled through the Supreme Court's denial of a petition for writ of certiorari on October 5, 2009.

memorandum opinion and order will issue today.

SO ORDERED this the 14th day of March, 2012.

                                                       **/s/ Sharion Aycock**
                                                      **U.S. DISTRICT JUDGE**